UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:09-CR-163-TAV-JEM-2 |
| DAVID M. STRONG, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motions for/related to compassionate release [Docs. 158, 161, 163, 164].[1] The Federal Defender Services of Eastern Tennessee has filed an additional motion on defendant's behalf [Sealed Doc. 173] and supplemental briefing [Docs. 177, 178, 179]. The government responded in opposition to defendant's pro se and counseled motions [Docs. 166, 176]. For the reasons set forth more fully below, defendant's motions [Docs. 158, 161, 163, 164, 173] will be **DENIED without prejudice**.

I.  **Background**

On March 3, 2010, defendant pleaded guilty to two counts of using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, all in violation of 18 U.S.C. § 924(c) (Counts Two and Six) [Doc. 30]. Defendant received a criminal history score of four, resulting in a criminal history category of III [Presentence

---

[1] The Court notes that two of defendant's motions request that the Court defer ruling on his motion(s) for compassionate release pending certain appellate decisions [Docs. 163, 164].

Investigation Report ("PSR") ¶ 35]. The PSR calculated defendant's guideline range as restricted to 420 months' imprisonment because of the mandatory minimum terms of ten years and twenty-five years imposed under 18 U.S.C. §§ 924(c)(1)(A)(iii), (C)(i) (2010), respectively, and the now-defunct requirement that these terms be served consecutively [*Id.* ¶¶ 55, 56]; *see* 18 U.S.C. § 924(c)(1)(A) (2014).

On June 21, 2013, the Court sentenced defendant to a sentence of 252 months' imprisonment, followed by three years of supervised release [Doc. 81]. This below-guideline sentence was based in part on a government motion [Sealed Doc. 79] and defendant's response thereto [Sealed Doc. 80]. This term consisted of "120 months as to Count Two, and 132 months as to Count Six, with such terms to run consecutively as required by statute." [Doc. 81, p. 2].

According to the Bureau of Prisons' website, defendant is presently scheduled for release on December 25, 2027. Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed Apr. 23, 2025).

## II.     Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A)

2

only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in § 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under § 3582(c)(1)(A)(i) [*See* Docs. 158, 161, 173].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)]

3

> instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

Defendant appears to have requested a reduction in sentence from the warden on multiple occasions, prior to the filing of his various motions for compassionate release [*See* Doc. 158, p. 21; Sealed Doc. 173-1], well past the 30-day threshold set forth in 18 U.S.C. § 3582(c)(1)(A). The government does not address defendant's exhaustion requirement in

4

its responses [*see* Docs. 166, 176]. Therefore, it appears that defendant has satisfied the exhaustion requirement, and the Court will proceed to step two.

B.      **Extraordinary and Compelling Reasons**

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the Sixth Circuit previously held that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time, did not contemplate inmate-filed motions for compassionate release, but instead, was limited to circumstances where the Bureau of Prisons filed a motion on an inmate's behalf. *Id.* at 1109–10; *see also* U.S.S.G. § 1B1.13 (2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release. U.S.S.G. § 1B1.13 (2023). It thus appears that the Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is no longer consistent with the Guidelines. *See United States v. Nash*, No. 23-3635, 2024 WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (noting the amendment to § 1B1.13 and stating that "prior to [the date of amendment], no guideline policy statement applied to compassionate-release motions brought by defendants, and a district court could deny a

5

defendant-filed motion without reference to any policy statement"); *see also United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines. This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A)."). However, "[t]he new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release." *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S.S.G. § 1B1.13(b)(1)–(6). Here, defendant cites the following as extraordinary and compelling grounds warranting his release: (1) a change in the law that he argues would result in a lower sentence today; (2) defendant's post-offense rehabilitation; (3) the risks posed by COVID-19; and (4) "other reasons" pursuant to U.S.S.G. § 1B1.13(b)(5) [Docs. 158, 164; Sealed Doc. 173].

    i.    **Change in the Law**

The amended policy statement provides that changes to non-retroactive law can constitute an extraordinary and compelling reason for release under certain conditions. *See*

U.S.S.G. § 1B1.13(b)(6). However, in April 2025, the Sixth Circuit invalidated section 1B1.13(b)(6). *United States v. Bricker*, No. 24-3286, 2025 WL 1166016, at *1 (6th Cir. Apr. 22, 2025). Based in part on the United States Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), which reduced the interpretive deference afforded to agencies, the Sixth Circuit determined that the Commission "overstepped its authority and issued a policy statement that is plainly unreasonable under the statute and in conflict with the separation of powers." *Bricker*, 2025 WL 1166016, at *1; *see also Moctezuma-Reyes v. Garland*, 124 F.4th 416, 420 (6th Cir. 2024) (clarifying when courts should independently interpret statutes).

In reaching its conclusion, the *Bricker* majority clarified that the Sixth Circuit's decision in *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc), which predates the amended policy statement, remains the law of this Circuit. In contrast to the policy statement contained in U.S.S.G. § 1B1.13(b)(6), the *McCall* court held that the fact "that a defendant might receive a different sentence today than he received years ago represents the routine business of our legal system" and "cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law." *Id.* at 1065. In other words, because *Loper Bright* reduced courts' deference to Commission policy statements, and the *Bricker* majority held that section 1B1.13(b)(6) is "plainly unreasonable," "we [are] bound by *McCall*'s views on the plain meaning of 'extraordinary and compelling.'" *Bricker*, 2025 WL 1166016, at *1–*9 (citing *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017)).

7

The Court is mindful that the parties briefed this matter prior to the Sixth Circuit's decision in *Bricker* [*See* Doc. 158, pp. 4–5; Doc. 166, p. 4; Doc. 176, p. 8]. Because U.S.S.G. § 1B1.13(b)(6) has been invalidated and changes to non-retroactive law cannot constitute an extraordinary and compelling reason for release, these arguments are moot. Accordingly, the Court finds that defendant's arguments regarding a change in law do not constitute an extraordinary and compelling ground warranting release.

### ii. Defendant's Medical Condition(s)

The policy statement provides four situations when a defendant's medical condition may constitute an extraordinary and compelling reason for release:

(A)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory) . . . .

(B)  The defendant is—

  (i)  suffering from a serious physical or medical condition,

  (ii)  suffering from a serious functional or cognitive impairment, or

(iii)  experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D)  The defendant presents the following circumstances—

  (i)  the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak or infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

8

> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

Defendant states that, despite multiple rounds of vaccination, he contracted COVID-19 and faces additional exposure to the virus given his close contact with other inmates [Doc. 161, pp. 1–2]. He also cites poor hygiene practices at FCI Yazoo City that, in his view, contributed to his exposure to and contraction of COVID-19 [*Id*. at 4–5].

The government responded that the risk of the COVID-19 pandemic is no longer an extraordinary and compelling reason for release, since defendant has access to the COVID-19 vaccine [Doc. 166, p. 6]. Additionally, it argues that complaints about conditions of confinement—as opposed to defendant's medical circumstances—are more appropriately addressed in a civil proceeding under 18 U.S.C. § 1983 [*Id*. at 7].

Under the final subsection of § 1B1.13(b)(1), defendant's health issues may be extraordinary and compelling grounds for release when combined with the increased risk of contracting, or becoming severely ill from, COVID-19; however, defendant has not adequately established all three requirements of § 1B1.13(b)(1)(D). Defendant has not established that he is housed at a correctional facility affected by an ongoing outbreak of COVID-19. Records indicate that defendant is housed at Federal Correctional Institution ("FCI") Yazoo City. Federal Bureau of Prisons' Inmate Locator,

www.bop.gov/inmateloc// (last accessed Apr. 23, 2025). The Bureau of Prison's website indicates that there are five open cases of COVID-19 at FCI Yazoo City, and 1709 of 4331 inmates have been fully vaccinated against COVID-19. "Inmate COVID-19 Data," Inmate COVID-19 Data, bop.gov/about/statistics/statistics_inmate_covid19.jsp (last accessed Apr. 23, 2025). Accordingly, it does not appear that there is currently an ongoing COVID-19 outbreak at FCI Yazoo City, nor has defendant provided any information that such an outbreak is imminent.

The Sixth Circuit has previously held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). The Sixth Circuit has found that *access* to the vaccine is sufficient to determine the defendant can mitigate the risk of medical complications from contracting the virus. *Id*. Therefore, given defendant's access and receipt of the COVID-19 vaccine, the Court does not find that defendant's risk of severe medical complications associated with contracting COVID-19 cannot be adequately mitigated in a timely manner. Accordingly, defendant has not established that medical circumstances constitute an extraordinary and compelling ground for release.

### iii. Defendant's Rehabilitation

Defendant argues that his "unique rehabilitation" efforts, which include extensive educational programming and college credits, constitute an additional extraordinary and compelling reason for his compassionate release [Doc. 158, p. 13]. He presently serves as

the suicide watch companion at FCI Yazoo City, a leadership role within the BOP's suicide prevention program [Docs. 158-1, p. 14]. Additionally, he serves as a representative in the Solid Original Leaders Driving Integrity Every Route ("SOLDIERS") program, which is a faith-based program [Doc. 158-1, p. 28]. He submits that he "has made it his life's priority to go above and beyond all that the Court recommended him to do in relation to his mental health" [*Id*. at 14]. The government appears to object to defendant's rehabilitation rationale only insofar as it would fail on its own in the absence of an additional basis supporting compassionate release [Doc. 166, p. 6].

While the policy statement acknowledges that "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement," U.S.S.G. § 1B1.13(d), it may be considered in conjunction with another rationale such as a change in law. Therefore, while the Court acknowledges defendant's rehabilitation, this factor "is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d).

Additionally, the Court notes that much of defendant's arguments under § 1B1.13(b)(5), the "other reasons" provision of the policy statement, relate directly to the disparity in sentencing that he would likely receive under today's law compared to that under which he was originally sentenced [*See* Sealed Doc. 173, pp. 12–14]. Indeed, several of the out of Circuit cases cited by defendant appear to have granted other defendants' motions on § 1B1.13(b)(5) grounds related to those defendants' § 1B1.13(b)(6) arguments, a pathway that has been foreclosed by the Sixth Circuit's decision in *Bricker*. *See* 2025

11

WL 1166016, at *1. Therefore, the Court finds that defendant's arguments regarding the "other reasons" provision, *see* U.S.S.G. § 1B1.13(b)(5), similarly do not constitute extraordinary and compelling grounds for release.

Given that the Court has rejected defendant's other extraordinary and compelling arguments, his motions [Docs. 158, 161, 163, 164, 173] are hereby **DENIED without prejudice**. Because "3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors" only where "the reduction [is] authorized by [steps one and two]," *Jones*, 980 F.3d at 1108, the Court need not address the section 3553(a) factors at this stage.

## IV. Conclusion

For the reasons set forth above, defendant's motions [Docs. 158, 161, 163, 164, 173] are **DENIED without prejudice**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE